UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TRINIDAD R. RIOS III,                    )
                                         )
                  Petitioner,            )      Case No. 1:06-cv-267
                                         )
v.                                       )      Honorable Gordon J. Quist
                                         )
MARY BERGHUIS et al.,                    )
                                         )
                  Respondents.           )
_____ )

## OPINION

   This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.

§ 2241.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a

preliminary review of the petition to determine whether "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be

summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court

has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4

includes those petitions which raise legally frivolous claims, as well as those containing factual

allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir.

1999).  After undertaking the review required by Rule 4, the Court concludes that Petitioner is not

entitled to habeas corpus relief.

**Discussion**

I.      Factual allegations

Petitioner Trinidad R. Rios III presently is incarcerated at the West Shoreline Correctional Facility.  After a plea of *nolo contendere,* the Mason County Circuit Court convicted Petitioner of second-degree criminal sexual conduct.  Petitioner was sentenced to a prison term of three to fifteen years on May 6, 2003.  In his habeas application, Petitioner contests the denial of his parole on February 14, 2006.  *See* Attach. to Pet., 2/14/06 Parole Bd. Notice of Decision.  Petitioner sues Mary Berghuis, Warden of the West Shoreline Correctional Facility; Patricia Caruso, Director of the Michigan Department of Corrections; and John Rubitschun, Chairman of the Michigan Parole Board.

Petitioner raises the following grounds for habeas relief: (1) the parole board violated his procedural due process rights because (I) MICH. COMP. LAWS § 791.233e(6)[1] creates a liberty interest in parole, (ii) Petitioner lacks a state court remedy to challenge his parole board decision, and (iii) the parole board based Petitioner's parole denial on false information; (2) the parole board violated Petitioner's substantive due process rights by arbitrarily denying his parole when he has a liberty interest in parole; (3) the parole board violated Petitioner's equal protection rights by subjecting him to different parole conditions than the "general population who come before the

---

[1]MICH. COMP. LAWS § 791.233e(6) provides:

The parole board may depart from the guidelines by denying parole to a prisoner who has a high probability of parole as determined under the parole guidelines or by granting parole to a prisoner who has a low probability of parole as determined under the parole guidelines.  A departure under this subsection shall be for substantial and compelling reasons stated in writing.  The parole board shall not use a prisoner's gender, race, ethnicity, alienage, national origin, or religion to depart from the recommended parole guidelines.

MICH. COMP. LAWS § 791.233e(6).

Parole Board"; and (4) MICH. COMP. LAWS § 791.231(a) unconstitutionally circumvents Petitioner's rights under the fair and just treatment clause of Article I, Section 17 of the Michigan Constitution.

Although Petitioner allegedly received a "high probability of parole" score by the Michigan Parole Board, the board denied parole. Under the substantial and compelling reasons for guideline departure in the February 14, 2006, Parole Board Notice of Decision, the board provided: "[d]espite completion of therapy, [Petitioner] fails at interview to show insight into his deviate [sic] behavior. He continues to blame his bad marriage, his substance abuse problem and victim for his offenses. He fails to show remorse for his daughter." *See* Attach. to Pet., 2/14/06, Parole Bd. Notice of Decision. Petitioner filed a petition for reconsideration with the parole board, which was subsequently denied. For relief, Petitioner requests to be paroled.

II.    Exhaustion

Petitioner filed his application for habeas relief under 28 U.S.C. § 2241. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmund v. United States,* 520 U.S. 651, 657 (1997); *Prieser v. Rodriquez,* 411 U.S. 475, 488 (1973) (holding that a prisoner challenging the validity of his confinement on federal constitutional grounds must rely on federal habeas corpus statutes, which

Congress specifically designed for that purpose, rather than broad language of Section 1983). That is, if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254. Thus, the procedural requirements applicable under § 2254 also apply to petitions brought pursuant to § 2241. *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001).

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner cannot raise his parole denial claims before the state courts. Pursuant to 1999 statutory and rule amendments by the Michigan Legislature and the Michigan Supreme Court, respectively, a prisoner no longer has an ability to appeal a parole denial under state law. MICH.

- 4 -

Comp. Laws § 791.234(9), as amended by 1999 Michigan Public Acts 191, eliminated the ability of a prisoner to appeal a parole denial, and provides only that a grant of release on parole may be appealed by the prosecutor or the victim.  Following the lead of the Michigan Legislature, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, eliminating the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* M.C.R. 7.104(D)(1), (2)(a).  Recently, the Sixth Circuit Court of Appeals held that a Michigan petitioner's failure to exhaust his equal protection challenge to parole procedures is excused under 28 U.S.C. § 2254(b)(1)(B)(I) because Michigan law does not provide a state corrective process for such a claim.  *Jackson v. Jamrog,* 411 F.3d 615, 618 (6th Cir. 2005).  However, certain types of parole denial claims involving radical defects in legal process may be cognizable in state habeas corpus proceedings or by complaint for an order of mandamus.  *Id.* at 621; *see also Morales v. Mich. Parole Bd.*, 676 N.W.2d 221, 229-30 (Mich. Ct. App. 2003).

Consequently, because state statute prohibits a prisoner from appealing a parole denial, Petitioner appears to have no available state court remedy in which to exhaust his claims. Even if he did have a method to challenge the decision, such as a state writ of habeas corpus or mandamus, *see Morales*, 676 N.W.2d at 229-30,  the Court may still deny his action on the merits. *See* 28 U.S.C. § 2254(b)(2).

III.    Procedural Due Process

Petitioner claims that he was denied parole in violation of his procedural due process rights because (I) Mich. Comp. Laws § 791.233(6) creates a liberty interest in parole, (ii) Petitioner was denied the right to appeal his parole decision as discussed in Section II, and (iii) Petitioner's parole was based on false information.  The Fourteenth Amendment forbids state actors from

depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a liberty or property interest, and (2) the procedures afforded to protect that interest were insufficient. *Barrett v. Steubenville City Sch.,* 388 F.3d 967, 971 (6th Cir. 2004). Petitioner fails to raise a claim of constitutional magnitude. Petitioner has no liberty interest in parole. Liberty interests may arise from the Constitution itself or from the provisions of state law. *See Hewitt v. Helms,* 459 U.S. 460, 466 (1983). A prisoner has no constitutional or inherent right to be released on parole before the expiration of the prisoner's sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). The state is therefore free to institute parole systems, but it has no duty to do so. *Id.*; *see also Rose v. Haskins,* 388 F.2d 91, 93 (6th Cir. 1968). A prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by the use of mandatory language limiting the discretion of the parole board. *See Allen,* 482 U.S. at 373-75. In the absence of a state-created liberty interest, the parole board can deny release on parole for any reason or no reason at all, and the Due Process Clause has no application. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.,* 929 F.2d 233, 236 (6th Cir. 1991).

In numerous cases, this Court has reviewed Michigan law and has found a complete absence of mandatory language or the imposition of substantive predicates restricting the parole board's discretion. Michigan statutes merely define those prisoners not eligible for parole and list factors that the parole board may or may not consider in its decision to grant or deny parole, without directing a specific result. *See* MICH. COMP. LAWS §§ 791.233b, .234, .235. No statutory provision

requires parole for any eligible prisoner under any circumstances.  The statute makes release on parole expressly discretionary.  MICH. COMP. LAWS § 791.234(7).[2]

Relying upon these provisions of Michigan law, the Sixth Circuit Court of Appeals has authoritatively held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc).  In unpublished decisions following *Sweeton*, the Sixth Circuit has repeatedly held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990).  Further, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Until Petitioner has served his fifteen-year maximum sentence, he has no reasonable expectation of liberty.  Petitioner argues that the parole board arbitrarily denied his parole by considering only facts from his sentencing, Petitioner's lack of empathy, and the Michigan Department of Corrections (MDOC), CHJ 623 - Therapy Termination Report dated August 23, 2005. *See* Attach. to Pet., 8/23/05 MDOC Therapy Termination Report.  In the absence of a liberty interest,

---

[2] The Michigan parole statutes have been amended several times in recent years.  The statutory citations contained above are to the present codification of the parole law.  None of the recent amendments are material to the issues now before the Court.  Release on parole has always been discretionary under Michigan law.

even an allegation of arbitrary or capricious denial of release on parole states no federal claim.  *See Haynes*, 1990 WL 41025, at *1.  The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained."  *Greenholtz*, 442 U.S. at 11.  The Michigan Parole Board's failure or refusal to consider Petitioner for parole, therefore, implicates no federal right.  *Gavin v. Wells,* 914 F.2d 97, 98 (6th Cir. 1990).  In the absence of a liberty interest, Petitioner fails to state a claim for a violation of his procedural due process rights.

Since Petitioner received a "high probability of parole" score,  Petitioner also argues that he should be released on parole.  The presence of specific parole guidelines does not lead to the conclusion that parole release is mandated upon reaching a "high probability of parole."  As stated by the Court, a state's scheme may be specific or general in defining the factors to be considered by the parole authority without necessarily mandating parole.  *Greenholtz*, 442 U.S. at 7-8.  At the time that *Sweeton* was decided, there were statutory factors to be considered by the parole board.  *See Sweeton*, 27 F.3d at 1164 n.1 (noting that MICH. COMP. LAWS § 791.235 listed "a large number of factors to be taken into account by the board").  Although the current parole guidelines may be more detailed than the former statutory provision, they are still nothing more than factors that are considered by the board in assessing whether parole is appropriate.  The fact that the Michigan Parole Board must follow their own procedural statutes and regulations regarding parole does not raise an issue of federal due process.  *Id.* at 1165.  This is particularly so in light of the fact that the guidelines do not state that the prisoner "must" or "shall" be paroled if the prisoner scores in a certain category; rather, the guidelines still speak in terms of probability, thus leaving the ultimate determination of parole release with the parole board.  In an unpublished decision, the Sixth Circuit has found that where the ultimate decision regarding parole rests with the parole board, a prisoner

has no protectable interest in a system which determined a "grid score" for when he would be eligible for parole. *Moran*, 1996 WL 304344, at *2; *accord Aqeel v. Dahlman*, No. 90-3459, 1991 WL 7102, at *1 (6th Cir. Jan. 25, 1991) (where statute and guidelines place parole decision in hands of the board, there is no liberty interest). In *Carnes v. Engler*, No. 03-1212, 2003 WL 22177118 (6th Cir. Sept. 19, 2003), the plaintiff argued that the Michigan parole scheme created a liberty interest in parole because it places severe restrictions on the board's discretion to grant or deny parole, and because it requires the board to provide "substantial and compelling reasons" for departing from the parole guidelines.[3]  The Sixth Circuit rejected the plaintiff's arguments, holding that "the ultimate authority to grant parole still lies with the discretion of the parole board." 2003 WL 22177118, at *1.  Because Petitioner has no liberty interest at stake, his procedural due process claim that MICH. COMP. LAWS § 791.233e(6) creates a liberty interest in parole fails.

Plaintiff's allegation that Michigan law eliminates the right of a prisoner to appeal the denial of parole also fails to state a due process claim.  A lawfully convicted person has no constitutional right to be conditionally released before the expiration of a valid sentence. *Greenholtz*, 442 U.S. at 7.  Further, a petitioner has no constitutionally protected liberty interest in the procedural requirements of state law where the State's discretion to deny parole is broad, as it is in Michigan.  *Sweeton*, 27 F.3d at 1164-65.  Petitioner's claim that he is deprived of the right to appeal his parole board decision, therefore, does not implicate due process.

Finally, Petitioner claims that the parole board relied on false information to deny his parole.  He claims that the parole board relied on a "history of similar offenses then arbitrarily amended its decision now based on the same issues used during sentencing."  Pet. at 29.  Assuming

---

[3]*See* MICH. COMP. LAWS § 791.233e(6).

that the parole board did rely on false information, Plaintiff's claim does not present any constitutional violation.  *See Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation).  Because Plaintiff has no liberty interest in being paroled, Plaintiff cannot show that the false information was relied upon to a constitutionally-significant degree.  *See Maiden v. Johnson*, No. 98-1479, 1999 WL 507207, at *1 (6th Cir. June 10, 1999); *Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999); *Perotti v. Marshall*, No. 85-3776, 1986 WL 16695 (6th Cir. Mar. 14, 1986).  Therefore, Plaintiff fails to state a claim for a violation of his due process rights.

IV.    Substantive Due Process

Petitioner argues that he has been denied substantive due process by arbitrary actions of the parole board, motivated by politics and retribution, when he has a liberty interest in parole. As stated in Section III, Petitioner does not have a liberty interest in parole.  *See Sweeton*, 27 F.3d at 1164-65.  To the extent that Petitioner argues that the parole board refused to follow state law, specifically MICH. COMP. LAWS § 791.233e(6), such a claim is not cognizable in a federal habeas corpus action.  A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41(1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988).

To the extent that Petitioner presents a federal constitutional claim, his claim is without merit.  Although substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race or political beliefs, or frivolous factors, such as eye

color, even where a prisoner may not have a protected liberty interest, *see Block v. Potter*, 631 F.2d

233, 236 n. 2 (3d Cir. 1980), Petitioner does not set forth any facts for such claim in his petition. *See*

*Mayrides v. Chaudhry*, No. 01-3369, 2002 WL 1359366, at *2 (6th Cir. June 20, 2002) (considering

substantive due process claim in context of parole).  Petitioner states that he was arbitrarily denied

parole on "direct personal subjective reasons by one of the Michigan Parole Board member(s)."  Pet.

at 12.  In order to demonstrate constitutionally arbitrary conduct prohibited by substantive due

process, Petitioner must show that the parole board's conduct shocks the conscience and constitutes

an "egregious abuse of governmental power."  *See id.* at *2 (citing *Cale v. Johnson*, 861 F.2d 943,

950 (6th Cir. 1988), *overruled on other grounds by Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir.

1999)).  Clearly, in this case, it cannot be said that the actions of the Michigan Parole Board in

denying Petitioner release on parole either shock the conscience or constitute an "egregious abuse

of governmental power."  *Id.* at 950.  Petitioner's sentence was imposed for second-degree criminal

sexual conduct with his daughter over several years.  In its Notice of Decision, the parole board

found that Petitioner failed to show remorse for his daughter.  *See* Attach. to Pet., 2/14/06 Parole Bd.

Notice of Decision.  In concluding that Petitioner continues to represent a risk to society if released,

the parole board cannot reasonably be considered to have committed an egregious abuse of

governmental power.  Consequently, Petitioner has failed to assert a constitutional claim cognizable

in a federal habeas proceeding.

### V.      Equal Protection Clause

Petitioner contends that his Fourteenth Amendment right to equal protection of the

laws has been violated because he is treated differently from those of the "general population who

come before the Parole Board."  Pet. at 30.  The Equal Protection Clause of the Fourteenth

Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST., amend XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). The Equal Protection Clause does not forbid all classifications, but simply prevents governmental decision makers from treating differently persons who are similarly situated in all relevant respects. *Cleburne*, 473 U.S. at 439; *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920); *Richland Bookmart, Inc.v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002) (the Clause "protects against arbitrary classifications, and requires that similarly situated persons be treated equally"). To prove his equal protection claim, Petitioner must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). While Petitioner asserts that he was treated differently from other similarly situated prisoners who were released on parole, Petitioner's allegations on this point are wholly conclusory. Petitioner provides no specific factual allegations that directly support his conclusion or give rise to a reasonable inference that he, or sex-offenders in general, are arbitrarily denied parole. "Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief." *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003). If Petitioner is arguing that he is treated differently than prosecutors and victims who may appeal the grant of parole under MICH. COMP. LAWS § 791.234(9), the Sixth Circuit recently upheld MICH. COMP. LAWS § 791.234(9) against an equal protection challenge filed by a prisoner. *See Jackson*, 411 F.3d at 621. Therefore, Petitioner fails to state an equal protection claim.

VI.    State Law

In his habeas application, Petitioner argues that MICH. COMP. LAWS § 791.231(a) unconstitutionally circumvents Petitioner's rights under the fair and just treatment clause of Article I, Section 17 of the Michigan Constitution.[4]  Under MICH. COMP. LAWS § 791.231(a), Petitioner claims that the Director of the Michigan Department of Corrections may remove parole board members if they submit a decision in contradiction with the Director's determination.  The federal courts may issue a writ of habeas corpus to release a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. §§ 2241(c), 2254(a).  Accordingly, a petition states a claim for federal habeas relief only if it alleges that petitioner is in custody in violation of the United States Constitution or laws.  *Mabry v. Johnson*, 467 U.S. 504, 507 (1984).  The federal courts have no power to intervene on the basis of a perceived error of state law.  *Pulley*, 465 U.S. at 41; *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987) ("The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure.").  Accordingly, Petitioner's claims that the parole board violated the Michigan constitution in denying his parole are not cognizable in federal habeas corpus proceedings.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because his claims challenging the denial of his parole are without merit.

---

[4] Article I, Section 17 of the Michigan constitution states "[t]he right of all individuals, firms, corporations and voluntary associations to fair and just treatment in the course of legislative and executive investigations and hearings shall not be infringed." MICH. CONST. art I, § 17.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.   A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

- 14 -

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.* The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated: May 17, 2006                               _____/s/ Gordon J. Quist_____
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE

- 15 -